Bradium Technologies v. Iancu Mr. Shanahan, please proceed. Thank you, Your Honor. Michael Shanahan for Appellant Bradium. Your Honor, in our opening briefing, pages five and six, we first raised five issues for the Court's consideration today. And the first four relate generally to patent matters, namely obviousness and claim construction. However, if I could, I'd just like to go quickly to issue five, which was the constitutional issue which we raised regarding patent matters. The article three taking, this briefing was done prior to the oil states decision. So we don't intend to make remarks regarding that today. Also, I'd like to bring to the Court's attention that we made a request to brief the appointments clause issue today, but that request was denied. So unless the Court feels otherwise, we are not going to address. When you're not going to address the unconstitutionality, is it your view that it is because it has been resolved by oil states and it is not an issue left unresolved that we have to reach in this case? Based on the question we presented, Your Honor, I believe that's addressed by the oil states decision. Now, there are other constitutional issues that float around there. I think that's beyond the scope of our hearing today, and I'm not going to offer remarks. However, if you would like to hear about the appointments clause, I'd be happy to give you a couple words. But I think, again, that's beyond the scope of our proceeding today. So, therefore, if I may, I'd like to move on to issues one through four, and those are more standard patent law issues. I'll tell you, my biggest claim problem with your appeal is that I see what you're arguing about Claim 15 and the failure of the Board to have addressed the dependent limitation therein separately, and there being maybe an argument that's not present, but I don't see having difficulty finding where that was sufficiently preserved below for appeal. Let me see if I can help you with that, Your Honor. Just give me one second. That's issue three in our briefing. So, Your Honor, if I could direct the Court's attention to our reply briefing, pages 20 to 23. And that was preserved in oral argument. I understand that that's permissible, that we're allowed to... Well, it depends, right? Yes, Your Honor, it does. So the question is, did the petitioner's reply raise a new argument beyond what they argued in the petition that could potentially permit you to raise an argument, an oral argument, in response to that new argument raised in the petitioner's reply? Your Honor, I'm sorry. I think I don't understand exactly what you're asking me. Are you asking me, is the issue preserved based on the record below on oral argument? That's right. That's right. And I understand your theory that you raised this argument, that oral argument, below in front of the Board. Correct. And even assuming, if I accept that that's true, you'd still have to have a reason for why that's okay and that's not too late to raise an argument. Normally, you have to raise an argument in your briefing. And raising an argument, an oral argument, is too late. Now, Belden, I believe, says it can be okay to wait until the oral argument to raise a new argument, only if it's in response and reply to something that the petitioner said in its reply brief below. Well, that is a new thing that the petitioner said. And that's the problem here, I think, which is that the petitioner's reply didn't say something new and different from what the petitioner said in the petition, as to Claim 15 and the prioritization limitation. The reply, the petitioner's reply, is not in the Joint Appendix, but I do have a copy of the petitioner's reply. And when I see the single sentence here in the petitioner's reply, as we're talking about prioritization and why REDDI meets that limitation, I don't see in this one sentence the petitioner saying something new, different, or have any daylight compared to what the petitioner said in its original petition, as to Claim 15 and prioritization. So that's the trouble I have as to Claim 15 and whether it's procedurally permissible for you to identify new arguments and raise new arguments and wait to raise those new arguments during the hearing at the Board. Yes, Your Honor. So if I can direct your attention to page 22 of our reply brief, I believe we say that our oral argument regarding Claim 15 was responsive to Microsoft's reply declaration. Right. And the question is, what is it in the reply brief of the petitioner that was new and different? And the reply brief of the petitioner was still pushing the same theory that the petitioner was pushing in its original petition. Well, Your Honor, I guess my response to that has to be that the Board didn't exclude our oral argument, nor did Microsoft request that our reply be excluded. So we deem it admitted and proper by waiver, then, if that's our fallback position. Thank you. So I think probably it makes the most sense to go to the claim construction issue for the limited bandwidth communications channel that affects the majority of the claims in this case. And it is a panelist's position that the Board really made a far too broad claim construction here, essentially saying that, excuse me, let me just find the boards. Basically, that it's a communication channel that has a limited bandwidth. Now, I think anybody can appreciate that every communication channel has a limited bandwidth, right? There's no infinite bandwidth communication channel. And we have attempted to resolve this issue by saying that it's either a wireless or a narrowband communications channel. And we believe that that's appropriate, but at a minimum, that it should exclude broadband channels. And there's really numerous legal reasons why that should be appropriate. First of all, and maybe the most compelling is the construction that the Board offered completely eviscerates the entire purpose of the application. I think In re Smith teaches us that we have to respect what the purpose of the invention is as we interpret these claims. Right, but there's a part in the specification, I think it's a column three, which talks about the purpose of the invention is to be able to transmit these very complex images over when you have limited bandwidth conditions. And then it identifies two examples of limited bandwidth conditions, one being a low bandwidth channel and then another one being, I guess, a high bandwidth channel that is loaded down by multiple concurrent users. And so wouldn't it be great to be able to send these complex images over a network under either of those situations? And then the application proceeds to describe how your inventors came up with a way of doing that in both situations. And so when I look at what is the purpose of this invention and as described in this patent, it's really trying to deal with both of these situations. Well, your Honor, I think this also came up in a little bit in the deposition testimony of the inventor. It certainly is true that you can experience a limited bandwidth condition due to concurrent users. However, we talk about this in our reply brief, whereas there's a difference between a permanently limited low bandwidth connection and one that's generally broadband, but occasionally experiences. So we have to draw the line somewhere. So I don't want to add that exception where you have, it's true that the invention is useful, but the claims are really trying to address something else. And let me direct the Court's attention to what I think is instructive in this issue. And that would be, sorry, I don't have the direct appendix number. It's column four of the 343 patent. And I'm going to direct the Court's attention to lines 13 through 17. And it says, the software system of the present invention provides for reprioritization of image-processed data requests from a presentation in circumstances, and this is really the important part, where the rate of point of view of navigation exceeds the data request rate. So what is that really telling us? It's telling us any time I consume data faster than I can get it, that's when the invention is useful. So... Well, what about column one, since we're on the 343, line 28 to 29? It's really just one sentence. It says, starts at line 25, it says, the procedure is related to a network-based image distribution system, in particular to a system and method for efficiently selecting and distributing image parcels through a narrowband or, and here's the key term, since it's the exact claim term, unlike column four, where you pointed us, which doesn't use the claim term, this does. And it says, otherwise limited bandwidth communications channel to support presentation of high-resolution images subject to dynamic viewing frustrums? Frustrum, yes, that's correct. Point of view. It's a fancy word for point of view. So what about that? Well, Your Honor, again, the invention is useful in that instance, but it's not particularly useful. Let me tell you why. It's because if you have a high bandwidth connection, you're not limited by those small congestions really very effectively. It's not really a problem. It's an inconvenience. You have a real problem. But you want a definition that is, what, just narrow bandwidth, right? We would like either, Your Honor, we proposed wireless or narrowband, but we think the court really only has to exclude broadband in order to effectively construe the claim. It does not have to be so specific. And, Your Honor, if you're struggling with this, let me point to the board's. Doesn't your expert say that broadband is synonymous with narrowband? No, Your Honor, I would say that they're opposite. I'd say that narrowband is the limit. No, not you, your expert. I don't believe our expert. Your inventor, your co-inventor. Mr. Levinon? Yes. And are you talking about his deposition testimony now? That's right. No, he's talking about his product, right? So this is a real, you know, mischaracterization. At his deposition, if you read the transcript, pages and pages, about 3D view. How did the product work? What did the product do? And he talked a little bit about what his product did. And what they did is they took that completely out of context and said, that's what the patent claim means. He wasn't even talking about the patent. He was completely divorced. He was just talking generally about his technology. But, Your Honor, it, just to answer your question. Yeah, it does. I am, you know, concerned about Column 1, the statement that Judge Moore identified. And if we were to be purely textualist here, the otherwise limited bandwidth communications channel can't be narrowband. Because the statement is narrowband or otherwise limited bandwidth communications channel. Your Honor, I think I can help you with that. Because both of the experts agreed it could be narrowband, and I can point to the boards. So then we would read this sentence as being narrowband or narrowband? Your Honor, the experts aren't here to say why they agreed that narrowband was appropriate. All I can do is point you to the test ways. So you want us to disregard the specification in favor of expert testimony, which seems to contradict it? I see, Your Honor. No, I don't think so. Again, you're talking about the background of the invention. The part that I directed you to was a summary of the invention. I think there's a little bit different. Again, we're talking about the general background of the technology as opposed to what the patent claims mean. And really, there should be two different standards by which you evaluate that. Okay, you would like to save some time for rebuttal? Yes, Your Honor. Thank you very much. Okay, let's have Mr. Foreman. Thank you. May it please the Court. I think that this Court understands. I only have really one question for you, and that is would you address whether or not the arguments related to the dependent limitation of Claim 15 were waived by virtue of not having been raised until the oral hearing for the first instance? That's the only question I have for you. Yes, Your Honor, they were waived. I think you don't even have to reach the issue of whether they were responding to a new issue on reply. I think if you just look at the pages cited in the oral hearing transcript, there's nothing about those dependent limitations from Claim 15. The only discussion in those pages— You mean the oral—you're talking about the oral hearing transcript? Correct. Yeah, but if we were to construe that transcript as having made this argument, which I think it arguably can be. So now answer the legal point that really Judge Chen was articulating and raising with opposing counsel, which is under what circumstances can they make an argument during oral hearing, and does this fit within those circumstances? So I want both. I want you to start with what's the rule of law? When does the PTO permit people to make a new argument during oral hearing, and then tell me how this fits within that? I think a new argument can be raised in oral hearing if the petitioner's reply brief raises a new argument that could not have been addressed by the patent owner in the response. In this particular scenario, they cite the declaration as supporting their right to make this argument in oral hearing. Was that declaration filed along with the petitioner's reply? Yes, I believe it was. So if that declaration makes the argument for the first time, even if the reply brief did not, is that enough? I mean, what do we do with that? And does it in this case? Do you agree that that declaration makes this different argument? No, I don't agree with that. I think that both the reply brief and the declaration don't raise anything new, as Judge Chen pointed out, with the appellant. Well, let's look at 2902.65-68, which is what they cite. I mean, do you – because there's two ways you can answer this. The first can be the declaration enough doesn't give rise to their right to raise a new argument. And the second way is in this case, even if it did, it wouldn't. So you need to be clear with me about which of those two are both, if you want to argue both. But 65-68 is what they cite here. This is a lot more than just one sentence in the reply brief itself. When could the patentee have responded to this? Well, again, this is just talking about prioritization in general. It's not talking about the specific limitations of Claim 15. And like I said before, our argument in our brief was that even if you're going to allow this alleged new argument in the oral transcript, there was no new argument in the oral transcript. The pages cited in the oral transcript address prioritization in general and don't relate to these specific limitations in Claim 15. So I don't think – I think under any way you cut it, this argument hasn't been preserved. So just so I understand what your position is on the law, if the new argument were expressly made by the petitioner in the declaration attached to the reply, would a patent owner have a right then to respond for the first time at the oral hearing to that new argument? Suppose I were to read paragraph 65 as expressly making the argument related to tiles pending download, right? They're arguing arguably for the first time on appeal. Correct. Right? So suppose that I read paragraph 65 of this declaration of your – of the expert, not your expert, but the expert from the petitioner, to articulate why that limitation in particular among tiles pending download is or is not present in the ready reference. If that were for the first time here in this document, would they have a right during the oral hearing to then respond to that argument? Well, I mean, we didn't address this issue in the briefing. I think off the top of my head, I would think – You did address it in the briefing, but they did raise that this is what they relied on in the reply. They didn't rely on the petition or the reply. They relied on the declaration attached to the reply. So you should have been arguably unnoticed that this is where they were going. Sure. So what are your thoughts about that? My thoughts are there needs to be some mention of it in the reply itself. I think that if you file a reply before the board and then you attach a declaration, and the declaration says – makes – addresses a number of issues, but the reply is silent on those issues, I think that's a problem because what the board is looking at as the primary source for your arguments is the reply. And, you know, while the declaration can be provided to provide support for those arguments, it's not submitted in place of those arguments. So I would think that the argument needs to be made in the reply. I can possibly want to take a breath because if you say that, then it would be wrong, wouldn't it, if the board were to make a finding that was predicated on the evidence in the reply but not – evidence in the declaration but not in the reply itself, right? If the board made a finding that was totally consistent with the declaration that was submitted attached to the reply but hadn't been in the reply, I think that your argument would be – lead me to conclude that has to be wrong and it's improper for them to do that because you're telling me the patentee doesn't get a right to respond in the oral argument to something in the declaration. They only get a right to respond to something in the reply. Well, if they don't get notice and an opportunity to be heard, even in the oral hearing, then we've got a real problem with the board relying on anything in that declaration that's arguably beyond the scope of the reply. I see the point you're making. I don't know. I don't know what the answer to all this is. And I don't know either because I don't think that we have to get that deep into this issue. I think that you can look at the oral hearing transcript and see that these new arguments weren't made in the oral transcript and that's the end of the story. They didn't make these arguments about these limitations before the board in any fashion. So once you make that finding, then... The pending download language didn't appear in the transcript? No. Not at all? Like it wasn't highlighted, that separate part of that dependent limitation? The pages they cite, not at all. Okay. Do you have anything further? I think we're good unless you have anything else you want to say. I'm all set. Thank you. All right. Thank you. Mr. Shanahan, you have a little bit of rebuttal time. Yes, Your Honor. Thank you. So the court seems interested in the waiver issue, so why don't we address that one as well. I think even before we get that far, I want to direct the court's attention, please, to the appendix at 1092, please. And I'm going to look at lines... What was that page number again? I'm sorry, Your Honor. It's 1092. Okay. Now, if we can look at lines 7 through 12, I'll highlight, and I'm quoting now from the record here, I'll highlight claim 15 and 16 for the first prioritization claim segment. And that, I've highlighted claims 15, the prioritization that the processor is operative to prioritize the retrieval of said data parcels among the plurality of selected data parcels pending retrieval. That's the exact argument that we're making on claim 15. This is in the record, so I would respectfully disagree with the government. That's just a quote of the claim language. He's just reading out loud what he highlighted. Well, and then we go on to talk about that there's a relative priority difference, et cetera, and so forth. That's just the beginning of that, Your Honor. Wait, wait. You can't say by having read the claim out loud, I've preserved an argument that REDI doesn't expressly disclose pending retrieval downloads. I mean, we're in the text of the discussion as opposed to simply the quote of the claim language because then you go on, when you talk about priority, I understand the rest of the argument to be addressing prioritization, which is the same as the claim 10 issue. I don't understand it to be expressly addressing this narrow part of claim 15. Or at least that's what the government argues, and I'd love for you to convince me otherwise. Thank you, Your Honor. So I think we talked about parcels of pending retrieval. If we go look at paragraphs, I think it's 65 to 68. Let me see. Well, this is the hearing transcript. Are you moving me out of the hearing transcript? No, no, no. I don't want to go. I don't want to go there yet. Well, you're out of time entirely, so I suggest you go wherever your best argument is really quick. I would just refer you to Appendix 1094. And there, Your Honor, I would say that we addressed the priority argument on this page of the oral argument. It's the notes that I have. Okay. And then there are arguments about prioritization here. Okay. Okay. Unless you need me further, no. I take this case under submission, and we thank both counsel for their arguments. Thank you, Your Honor. Thank you.